UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> PROSKY, INC. and CRYSTAL A. HUANG, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ALTERNATIVE SERVICE (DOC. NO. 9)** <br><br> Case No. 2:22-cv-00057 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff State National Insurance Company, Inc. ("State National") moves for an order extending the time for service and allowing service of Defendants ProSky, Inc. ("ProSky") and Crystal A. Huang by alternative means—publication and email. ("Mot.," Doc. No. 9.) The motion is granted in part and denied in part. Because the motion is insufficiently supported and fails to show the proposed methods of service are reasonably calculated to give Defendants actual notice of this lawsuit, State National's request for alternative service is denied without prejudice. However, State National's request to extend the service deadline is granted, and the service deadline is extended to thirty days from the date of this order.

## BACKGROUND

State National filed this declaratory judgment action against ProSky and Ms. Huang on January 31, 2022. (Compl., Doc. No. 2.) On May 23, 2022, the court ordered State National to show cause why this case should not be dismissed for failure to serve or failure to prosecute. (Doc. No. 7.) State National responded by filing this motion for alternative service, seeking leave to serve the defendants by publication. (Doc. No. 9.) The court ordered State National to

1

file a supplemental brief with supporting evidence regarding any efforts to obtain an email address for Defendants.  (Doc. No. 10.)  State National filed a supplemental brief seeking leave to serve the defendants by both publication and email.  (Doc. No. 11.)

The motion, supplemental brief, supporting affidavits, and exhibits provide the following information about State National's attempts to locate and serve the defendants.  The Utah Division of Corporations website shows ProSky is an active business located in Lehi, Utah, and lists Crystal Huang as the registered agent.  (Ex. A to Mot., Doc. No. 9-1.)  It provides a Lehi address (street number 844) as both the business address and the registered agent address.  (*Id.*)  State National hired a private investigator to attempt service at this address.  (Mot. ¶ 6, Doc. No. 9; Ex. C to Mot., Decl. of Ryan M. Stephens ¶ 3, Doc. No. 9-3.)  According to notes attached the investigator's affidavits, a person with a different last name answered the door at the 844 address, stated he had lived there since June 2021, and denied knowing ProSky or Ms. Huang.[1] (*See* Ex. B to Mot., Affs. of Todd Oram, Doc. No. 9-2 at 3, 5.)  The notes indicate the investigator ran a search and found another Lehi address (street number 2871) and an email address (crystalang@gmail.com) for a "Crystal 39 yrs of age . . . aka last name Ang."  (*Id.*)  The notes indicate service was then attempted at an address with street number 2874—not 2871. (*Id.*)  A person with a different last name answered the door and stated they had lived there for seven years.  (*Id.*)

Two affidavits from the investigator are filed with the motion—one for the 2871 address, and another for the 2874 address.  (*Id.* at 1, 4.)  Both contain identical boilerplate language

---

[1] There is no affidavit from the investigator stating service was attempted at the 844 address. The two affidavits from the investigator filed with the motion relate to addresses with street numbers 2871 and 2874.  (*See* Ex. B to Mot., Doc. No. 9-2 at 1, 4.)  However, the notes attached to these affidavits describe a service attempt at the 844 address.  (*Id.* at 3, 5.)

stating the defendant was "unable to be located" at the stated address and referencing "attached notes/comments." (*Id.*) The same notes described above are attached to both affidavits, containing a discrepancy between the 2871 address identified in the search and the 2874 address where service was attempted. (*Id.* at 3, 5.)

According to the supplemental brief, State National's records show Ms. Huang's corporate email address is crystal@prosky.co. (Suppl. Br. 2, Doc. No. 11.) State National attempted to send the complaint to this email address in November 2021 but made a typo in the address, and the email was returned as "undeliverable."[2] (*Id.*) State National explains it initially assumed the error occurred because Ms. Huang was ordered to stop operating ProSky in another case, and it only later discovered the typo. (*Id.*) But the brief does not indicate any attempt was ever made to resend the email to the correct address. State National also notes the private investigator identified another potential email address for Ms. Huang (crystalang@gmail.com) but states no attempt has been made to send an email to this address. (*Id.*) The supplemental brief seeks leave to serve the defendants by email to these two addresses and by publication. (*Id.* at 3.) No supporting affidavit or declaration was filed with the supplemental brief.

## LEGAL STANDARDS

As relevant here, Rule 4(e) of the Federal Rules of Civil Procedure governs service of an individual, and Rule 4(h) governs service of a corporation. Rule 4(h)(1)(A) permits service of corporations "in the manner described in Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). And Rule 4(e)(1) provides that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the

---

[2] The supplemental brief states a copy of this email as attached as Exhibit A, but only the cover page was filed. (Do. No. 11-1.) No other exhibits were filed with the supplemental brief.

district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  State National filed

its complaint in the District of Utah; therefore, Utah law is applicable.

Rule 4(d)(5)(A) of the Utah Rules of Civil Procedure provides that "[i]f the identity or

whereabouts of the person to be served are unknown and cannot be ascertained through

reasonable diligence . . . or if there is good cause to believe that the person to be served is

avoiding service, the party seeking service may file a motion to allow service by some other

means." Utah R. Civ. P. 4(d)(5)(A).  The motion must include "[a]n affidavit or declaration

supporting the motion [setting] forth the efforts made to identify, locate, and serve the party." *Id.*

Additionally, Rule 4(d)(5)(B) provides:

> If the motion is granted, the court will order service of the complaint and summons
> by means reasonably calculated, under all the circumstances, to apprise the named
> parties of the action. The court's order must specify the content of the process to be
> served and the event upon which service is complete. Unless service is by
> publication, a copy of the court's order must be served with the process specified
> by the court.

Utah R. Civ. P. 4(d)(5)(B).

Rule 4(m) provides "if a defendant is not served within 90 days after the complaint is

filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action

without prejudice against that defendant or order that service be made within a specified time."

Fed. R. Civ. P. 4(m).  "But if the plaintiff shows good cause for the failure, the court must extend

the time for service for an appropriate period." *Id.*

## ANALYSIS

State National has failed to demonstrate reasonably diligent attempts to locate and serve

Defendants.  The motion states the private investigator attempted to personally serve Ms. Huang

(as an individual and as registered agent for ProSky) at two addresses: the 844 address listed on

the Utah Division of Corporations website and the 2871 address identified by the investigator's

search.  (Mot. ¶¶ 6, 8–9, Doc. No. 9.)  But there is no affidavit from the investigator indicating

service was attempted at the 844 address.  Instead, the investigator's affidavits identify the 2871

address and the 2874 address as the locations of attempted service.  (*See* Ex. B to Mot., Affs. of

Todd Oram, Doc. No. 9-2 at 1, 4.)  However, the notes attached to both affidavits indicate the

investigator's search revealed the 2871 address, while service was attempted at the 844 address

and the 2874 address—with no explanation as to this discrepancy.  (*Id.* at 3, 5.)  Given the

inconsistencies between the motion, affidavits, and attached notes, it is unclear where service

was actually attempted.  This contradictory evidence is insufficient to support a finding that State

National made diligent efforts to locate and serve Defendants.

Further, State National has not demonstrated the proposed methods of alternative

service—publication and email—are "reasonably calculated, under all the circumstances, to

apprise the named parties of the action."  Utah R. Civ. P. 4(d)(5)(B).  State National identifies

two potential email addresses for Ms. Huang but provides no evidence the addresses are valid or

current.  State National has not sent an email to either address.  Where State National indicates

Ms. Huang has been ordered to stop operating ProSky, it must provide some evidence that the

corporate email address is still valid to justify service via this email address.  And there is

insufficient evidence the other email address identified by the investigator's search is actually

associated with Ms. Huang.  The only evidence of this connection is the investigator's notes,

which do not adequately explain whether the "Crystal Ang" from his search is the same person

as Ms. Huang.  Accordingly, State National has failed to demonstrate service to either email

address is reasonably calculated to provide Defendants with notice of this lawsuit.

Service by publication is generally disfavored because it is unlikely to provide actual

notice of a lawsuit. *See Boddie v. Connecticut*, 401 U.S. 371, 382 (1971) ("[P]ublication . . . is

the method of notice least calculated to bring to a potential defendant's attention the pendency of

judicial proceedings."). The court is disinclined to allow service by publication alone unless it is

established that other methods more likely to give actual notice are unavailable. State National

has not shown publication is reasonably calculated to provide Defendants with notice here, nor

has it made adequate efforts to find another method of contacting Defendants.

On this record, State National has failed to show alternative service is warranted.

Nevertheless, good cause exists to extend the service deadline to permit State National to make

additional efforts to locate and serve Defendants and, if appropriate, to file a new motion for

alternative service addressing the deficiencies identified in this order.

## CONCLUSION

State National's motion, (Doc. No. 9), is granted in part and denied in part. Because the

motion is insufficiently supported and fails to show the proposed methods of service are

reasonably calculated to give Defendants actual notice of this lawsuit, State National's request

for alternative service is denied without prejudice. However, State National's request to extend

the service deadline is granted, and the service deadline is extended to thirty days from the date

of this order.

DATED this 27th day of June, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge