UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> PROSKY, INC. and CRYSTAL A. HUANG, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING RENEWED MOTION FOR ALTERNATIVE SERVICE (DOC. NO. 14)** <br><br><br> Case No. 2:22-cv-00057 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff State National Insurance Company, Inc. ("State National") moves for an order permitting service of Defendants ProSky, Inc. ("ProSky") and Crystal A. Huang by email. ("Mot.," Doc. No. 14.)  Because State National has shown Defendants cannot be located despite diligent attempts, and service by email is reasonably calculated to give Defendants actual notice of this lawsuit, the motion is granted.

## BACKGROUND

State National filed this declaratory judgment action against ProSky and Ms. Huang on January 31, 2022.  (Compl., Doc. No. 2.)  State National previously moved for leave to serve Defendants by email and publication.  (Doc. Nos. 9 & 11.)  The court denied this request, finding State National failed to provide sufficient information to show the two email addresses proposed for service were valid and current, and publication was unlikely to provide actual notice of the lawsuit.  (Doc. No. 12.)  State National then filed this renewed motion for service by email. (Doc. No. 14.)

1

The motion and supporting declarations and exhibits provide the following information about State National's attempts to locate and serve Defendants. The Utah Division of Corporations website shows ProSky is an active business located in Lehi, Utah, and lists Crystal Huang as the registered agent. (Ex. 2 to Mot., Doc. No. 14-2.) It provides a Lehi address (street number 844) as both the business address and the registered agent address. (*Id.*) State National hired a private investigator to attempt service at this address. (Ex. 3 to Mot., Decl. of Ryan M. Stephens ("Stephens Decl.") ¶ 3, Doc. No. 14-3.) According to notes attached the investigator's affidavits, a person with a different last name answered the door at the 844 address, stated he had lived there since June 2021, and denied knowing ProSky or Ms. Huang. (*See* Ex. 1 to Mot., Affs. of Todd Oram, Doc. No. 14-1 at 2, 4.) The notes indicate the investigator ran a search and found another Lehi address (street number 2871). (*Id.*) When the investigator attempted service at this address, a person with a different last name answered the door and stated they had lived there for seven years. (*Id.*) The investigator was unable to find any other address for Defendants, and State National is unaware of any other addresses associated with them. (*See id.*; Stephens Decl. ¶ 5, Doc. No. 14-3.)

On July 10, 2022, State National's counsel sent an email regarding this lawsuit to two email addresses: crystal@prosky.co and crystalang@gmail.com. (Ex. 4 to Mot., Emails from R. Stephens, Doc. No. 14-4; Stephens Decl. ¶ 11, Doc. No. 14-3.) Ms. Huang had provided these email addresses in December 2020 in response to a subpoena from the Securities and Exchange Commission ("SEC"). (Ex. 5 to Mot., Letter from S. Wisenberg, Doc. No. 14-5; Stephens Decl. ¶ 10, Doc. No. 14-3.) The email to crystal@prosky.co was returned as undeliverable, but the email to crystalang@gmail.com was delivered. (Stephens Decl. ¶¶ 12–13, Doc. No. 14-3.) Through an internet search, State National's counsel identified Ms. Huang's husband and his

business. (*Id.* ¶ 15.) Counsel called Mr. Huang at his business, identified himself, and explained State National had filed a lawsuit against Ms. Huang in federal court. (*Id.* ¶ 16.) Mr. Huang then confirmed crystalang@gmail.com was his wife's email address. (*Id.*) State National now seeks leave to serve Defendants by email to this address. (Mot., Doc. No. 14.)

## LEGAL STANDARDS

As relevant here, Rule 4(e) of the Federal Rules of Civil Procedure governs service of an individual, and Rule 4(h) governs service of a corporation. Rule 4(h)(1)(A) permits service of corporations "in the manner described in Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). And Rule 4(e)(1) provides that service may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). State National filed its complaint in the District of Utah; therefore, Utah law is applicable.

Rule 4(d)(5)(A) of the Utah Rules of Civil Procedure provides that "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means." Utah R. Civ. P. 4(d)(5)(A). The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party." *Id.* Additionally, Rule 4(d)(5)(B) provides:

> If the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named parties of the action. The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court.

Utah R. Civ. P. 4(d)(5)(B).

## ANALYSIS

State National has met its burden in making reasonably diligent efforts to locate and serve Defendants. State National hired a private investigator who attempted service at two addresses: the business and registered agent address listed with the State of Utah and a second address identified in the investigator's search. The investigator discovered neither address was a current address for Defendants, and he unable to find any other address associated with them. Thus, State National has shown Defendants' whereabouts "cannot be ascertained through reasonable diligence." Utah R. Civ. P. 4(d)(5)(A).

State National has also demonstrated service by email is "reasonably calculated, under all the circumstances, to apprise the named parties of the action." Utah R. Civ. P. 4(d)(5)(B). State National has shown crystalang@gmail.com is a valid, current address for Ms. Huang, where Ms. Huang provided this email address to the SEC, State National recently sent an email to this address with no bounce back, and Ms. Huang's husband confirmed the address was correct. Because Ms. Huang is ProSky's registered agent, service by email to this address is reasonably calculated to provide notice of the lawsuit to both defendants.

## CONCLUSION

For these reasons, the court GRANTS the motion and ORDERS that Defendants may be served as follows:

(1) The summons, the complaint, and a copy of this order shall be sent to Defendants at the email address crystalang@gmail.com **three times per week for two consecutive weeks, not more often than once every other day** (unless a written response is received from Ms. Huang acknowledging receipt of the service).

(2) Service shall be deemed complete on the date of the final email or the date of a written response acknowledging receipt, whichever is earlier.

(3) Upon completion of these steps, State National shall file proof of compliance with this order.

(4) For good cause, the deadline to complete service is extended to **September 12, 2022**.

DATED this 15th day of August, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge